UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

MARIA T. CANDELARIO, and other similarly situated individuals,

        Plaintiff(s),

v.

LA LIBERTAD MARKET CAFETERIA INC., WILLIAM LAMAS, RAMON LAMAS, Jr., and ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, MARIA T. CANDELARIO ("Plaintiff") and other similarly situated individuals, sue the Defendants, LA LIBERTAD MARKET CAFETERIA INC., WILLIAM LAMAS, RAMON LAMAS, Jr., and ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas (collectively the "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime, minimum wages, and retaliation under the laws of the United States. This is also an action for unpaid minimum wages and retaliation under Florida law and the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110 (the "FMWA"). This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act" or the "FLSA").



www.saenzanderson.com

1

## VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. LA LIBERTAD MARKET CAFETERIA INC. (the "Corporate Defendant"), WILLIAM LAMAS, ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas, and RAMON LAMAS, Jr. (the "Individual Defendants"), are a Florida company and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Broward County, Florida.

## COUNT I: WAGE AND HOUR VIOLATION BY
## LA LIBERTAD MARKET CAFETERIA INC. (the FLSA)

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation and minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

6. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."



www.saenzanderson.com

7. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. The Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

9. In Florida, the minimum wage in 2017 was $8.10 per hour; in 2018, the minimum wage was $8.25 per hour; in 2019, the minimum wage was $8.46 per hour; and in 2020 the minimum wage is $8.56 per hour.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

11. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those



www.saenzanderson.com

similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies.

13. The Corporate Defendant is a restaurant and cafeteria and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a waitress for the Corporate Defendant's business.

14. Under Section 203(m) of the FLSA, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip credit") if: (1) it provides its tipped employees with notice of the tip credit provisions; and (2) tipped employees are permitted to retain all tips they receive with the exception of a valid tip pool among employees who customarily and regularly receive tips. *See* 29 U.S.C. §203(m). If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

15. A "tip credit" is unavailing if the employer exceeds retaining $3.02 from a tipped employee. When such event happens, a tipped employee is entitled to be paid the full minimum wage for all hours he worked. *See for instance, Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360,



1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

16. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50 hours per week and was paid approximately $250 per week. She was employed by the Defendant as a waitress.

17. Corporate Defendant never provided its tipped employees, including Plaintiff, with notice of the tip credit provisions.

18. When Plaintiff worked over 40 hours per week, she was not compensated overtime for the hours she worked in excess of 40 per week.

19. In addition, when Plaintiff worked at least 50 hours per week she was paid only $250 per week. This means that Plaintiff was being paid $5.00 per hour, which is under the minimum wage – even if we apply a "tip credit".

20. Plaintiff was employed by the Corporate Defendant as a waitress/server performing the same or similar duties as that of those other similarly situated waitresses/servers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

21. Plaintiff worked for the Corporate Defendant from approximately October 17, 2014, through her wrongful termination on or about **December 21, 2020.**

22. In total, Plaintiff has worked approximately **121** compensable weeks under the Act, or **121** compensable weeks if we count 3 years back from the filing of the instant action.

23. Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.



www.saenzanderson.com

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime and minimum wages is as follows:

**Minimum Wages: $20,999**

2018

$8.25 - $5.00 = $3.25 x 50 x 18 (compensable weeks) = $2,925

2019

$8.46 - $5.00 = $3.46 x 50 x 52 (compensable weeks) = $8,996

2020

$8.56 - $5.00 = $3.56 x 50 x 51 (compensable weeks) = $9,078

**Overtime Wages: $5,124.90**

2018

$8.25 x .5 x 10 x 18 (compensable weeks) = $742.50

2019

$8.46 x .5 x 10 x 52 (compensable weeks) = $2,199.60

2020

$8.56 x .5 x 10 x 51 (compensable weeks) = $2,182.80

**Total Actual Damages (overtime + minimum wages) = $26,123.90**

**Liquidated Damages: $26,123.90**

**Total estimated wages owed: $52,247.80, plus reasonable attorney's fees and costs.**

25. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly



www.saenzanderson.com

situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty. These employees were not paid all of their minimum wages either.

26. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime and minimum wages and remains owing Plaintiff and those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

27. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

**COUNT II: WAGE AND HOUR VIOLATION BY**
**RAMON LAMAS, Jr., ANET LOPEZ a/k/a Ana Lopez a/k/a**
**Anet Lamas, and WILLIAM LAMAS (FLSA)**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers/Supervisors or Managers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate



Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

31. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

32. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.



www.saenzanderson.com

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

## COUNT III: UNPAID MINIMUM WAGES IN VIOLATION OF FLA. STAT. § 448.110

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 3 above as if set out in full herein.

35. Corporate Defendant regularly employed two or more employees for the relevant time period.

36. Plaintiff has satisfied all conditions precedent pursuant to Fla. Stat. § 448.110.

37. Florida Statute § 448.110(3) states "[e]ffective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."

38. Florida Statute § 448.110(4)(a) states "[b]eginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

39. On January 1, 2015, Florida's minimum wage was raised to $8.05/hour. Florida's hourly minimum wage rate remained at $8.05 through 2016. On January 1, 2017, Florida's hourly minimum wage raised to $8.10. On January 1, 2018, the Florida minimum wage was again



increased to $8.25/hour. On January 1, 2019, the Florida minimum wage increased to $8.46/hour. Finally, on January 1, 2020, the Florida minimum wage increased to $8.56/hour.

40. On or about December 11, 2020, Plaintiff sent to Defendants the notice required pursuant to Florida Statute § 448.110(6).

41. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "[t]he employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days has expired; however, as of the date of filing the instant Complaint, Plaintiff and Defendants have been unable to resolve Defendants' Florida Minimum Wage violations.

42. Plaintiff worked for Corporate Defendant as a waitress from on or about October 17, 2014, through her wrongful termination on or about **December 21, 2020**.

43. However, Corporate Defendant did not properly compensate Plaintiff all of her minimum wages for all hours worked.

44. Between the period of August 30, 2016, through December 31, 2016 (approximately 52 compensable weeks), Plaintiff was paid at an hourly rate of $5.00, which did not meet the applicable Florida minimum wage for said time period. While employed by Corporate Defendant, Plaintiff worked on average, approximately 50 hours per week. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate of $5.00, and the Florida minimum wage rate in 2016 of $8.05/hour for all hours worked.

45. Between the period of January 1, 2017, through December 31, 2017 (approximately 52 compensable weeks), Plaintiff was paid at an hourly rate of $5.00, which did not meet the applicable Florida minimum wage for said time period. While employed by Corporate Defendant,



Plaintiff worked on average, approximately 50 hours per week. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate of $5.00, and the Florida minimum wage rate in 2017 of $8.12/hour for all hours worked.

46.  Between the period of January 1, 2018, through December 31, 2018 (approximately 52 compensable weeks), Plaintiff was paid at an hourly rate of $5.00, which did not meet the applicable Florida minimum wage for said time period. While employed by Corporate Defendant, Plaintiff worked on average, approximately 50 hours per week. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate of $5.00, and the Florida minimum wage rate in 2018 of $8.25/hour for all hours worked.

47.  Between the period of January 1, 2019, through December 31, 2019 (approximately 52 compensable weeks), Plaintiff was paid at an hourly rate of $5.00, which did not meet the applicable Florida minimum wage for said time period. While employed by Corporate Defendant, Plaintiff worked on average, approximately 50 hours per week. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate of $5.00, and the Florida minimum wage rate in 2019 of $8.46/hour for all hours worked.

48.  Between the period of January 1, 2020, through December 21, 2020 (approximately 51 compensable weeks), Plaintiff was paid at an hourly rate of $5.00, which did not meet the applicable Florida minimum wage for said time period. While employed by Corporate Defendant, Plaintiff worked on average, approximately 50 hours per week. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate of $5.00, and the Florida minimum wage rate in 2020 of $8.56/hour for all hours worked.



49. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum wages is as follows:

**Minimum Wages: $37,381**

a. <u>August 30, 2016 – December 31, 2016:</u> $8.05 (minimum hourly wage rate) - $5.00 (Plaintiff's hourly wage rate) = $3.05 x 50 (approximate weekly hours worked) x 18 (approximate compensable weeks) = $2,745

b. <u>January 1, 2017 – December 31, 2017:</u> $8.12 (minimum hourly wage rate) - $5.00 (Plaintiff's hourly wage rate) = $3.12 x 50 (approximate weekly hours worked) x 52 (approximate compensable weeks) = $8,112.00

c. <u>January 1, 2018 – December 31, 2018:</u> $8.25 (minimum hourly wage rate) - $5.00 (Plaintiff's hourly wage rate) = $3.25 x 50 (approximate weekly hours worked) x 52 (approximate compensable weeks) = $8,450.00

d. <u>January 1, 2019 – December 31, 2019:</u> $8.46 (minimum hourly wage rate) - $5.00 (Plaintiff's hourly wage rate) = $3.46 x 50 (approximate weekly hours worked) x 52 (approximate compensable weeks) = $8,996.00

e. <u>January 1, 2020 – December 21, 2020:</u> $8.56 (minimum hourly wage rate) - $5.00 (Plaintiff's hourly wage rate) = $3.56 x 50 (approximate weekly hours worked) x 51 (approximate compensable weeks) = $9,078.00

50. Defendants' wage payment practices to Plaintiff for the above-mentioned time periods did not meet the Florida minimum wage law requirements, as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference



between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

51. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by Fla. Stat. §448.110. Defendants knew of the minimum wage obligations required by Fla. Stat. §448.110, and recklessly failed to investigate whether Corporate Defendant's payroll practices were in accordance with same.

52. Corporate Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Corporate Defendant, through Plaintiff's wrongful termination, on or about December 21, 2020.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Corporate Defendant in an amount equal to her unpaid minimum wages, an equal amount as double damages, reasonable attorneys' fees, along with court costs, and interest, and any other relief this Court finds reasonable under the circumstances.

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

### COUNT IV: WAGE AND HOUR VIOLATION BY RAMON LAMAS, Jr., ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas, and WILLIAM LAMAS (FMWA)

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 and 24-52 above as if set out in full herein.

54. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers/Supervisors or Managers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of the Florida



www.saenzanderson.com

Minimum Wage Act and the FLSA in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

55. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act and the FMWA.

56. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the State of Florida as set forth above and remain owing Plaintiff minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

57. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Florida Minimum Wage Act; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and



www.saenzanderson.com

E. Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

## COUNT V:
## RETALIATION AGAINST DEFENDANTS

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 57 above as if set out in full herein.

59. Plaintiff brings this action under the FLSA and the FMWA.

60. This count is against the Corporate Defendant and against Defendants RAMON LAMAS, Jr. and his wife, ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas (the "Retaliatory Defendants").

61. The Retaliatory Defendants willfully and intentionally refused to pay Plaintiff her legally owed overtime and minimum wages as required by the laws of the United States and of the State of Florida.

62. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

63. The Florida Minimum Wage Act states that it shall be unlawful for an employer or any other party "to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his



or her potential rights pursuant to s. 24, Art. X of the State Constitution and to assist him or her in asserting such rights."

64. On or about December 11, 2020, Plaintiff complained and informed the Retaliatory Defendants about unpaid minimum wages and overtime owed to her.

65. In response, Defendant RAMON LAMAS, Jr. confronted Plaintiff and terminated her employment.

66. Later, on or about January 6, 2021, Plaintiff filed a lawsuit against Defendants RAMON LAMAS, Jr., WILLIAM LAMAS, and the Corporate Defendant.

67. In response, Defendant ANET LOPEZ warned Plaintiff "if you do not drop the lawsuit, bad things will happen to you." Later, Defendant RAMON LAMAS, Jr. began stalking Plaintiff by frequently driving by Plaintiff's house and by parking just outside of Plaintiff's house to surveil and intimidate Plaintiff.

68. Then, the Retaliatory Defendants caused their employees to convey threats to Plaintiff such as "if you do not drop the lawsuit, we are going to hire a detective to come after you," "if you do not drop the lawsuit, bad things will happen to you," "we need you to sign papers to drop the lawsuit; we will pay you money."

69. In fear and subject to severe emotional caused by the Retaliatory Defendants' actions, Plaintiff instructed her lawyers to dismiss her lawsuit. Consequently, the statute of limitations as to some of Plaintiff's damages have reduced her potential recovery in this action.

70. The motivating factor, which caused Plaintiff's discharge and intentional harassment as described above, was Plaintiff's complaint (pre-suit and in Court) seeking the



payment of overtime and minimum wages from the Defendants. In other words, Plaintiff would not have been fired or harassed but for her complaint about unpaid overtime and minimum wages.

71. The Retaliatory Defendants' termination and harassment of Plaintiff was in direct violation of federal and state law and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Retaliatory Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Retaliatory Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b) and the Florida Minimum Wage Act.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: August 30, 2021.

                Respectfully submitted,

                **By: /s/ Tanesha Blye**
                Tanesha Blye, Esquire
                Fla. Bar No.: 0738158
                Email: tblye@saenzanderson.com
                Aron Smukler, Esquire
                Fla. Bar No.: 297779
                Email: asmukler@saenzanderson.com
                R. Martin Saenz, Esquire



www.saenzanderson.com

Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com