UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-23141-CIV-MARTINEZ

MARIA T. CANDELARIO, and other similarly situated individuals,

    Plaintiff,

v.

LA LIBERTAD MARKET CAFETERIA INC., WILLIAM LAMAS, RAMON LAMAS, Jr., and ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants La Libertad Market Cafeteria Inc., William Lamas, Ramon Lamas, Jr., and Anet Lopez's Motion to Dismiss. (ECF No. 16). After careful consideration, the Motion to Dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that she worked as a waitress for Defendant La Libertad Market Cafeteria, Inc. (the "Cafeteria") from October 14, 2014, until she was wrongfully terminated on or about December 21, 2020. (Compl. ¶¶ 13, 21). Defendants William Lamas, Ramon Lamas, Jr., and Anet Lopez (the "Individual Defendants"), "were, and are now, the Owners and/or Officers/Supervisors or Managers" of the Cafeteria. (Compl. ¶ 30). During Plaintiff's employment with the Cafeteria, she worked approximately 50 hours a week and was paid approximately $250 per week. (Compl. ¶ 16). Plaintiff alleges that the Cafeteria did not provide her with notice of tip credit provisions, did not pay her overtime for the hours she worked in excess

of 40 hours a week, and did not pay her minimum wage when she worked overtime. (Compl. ¶¶ 17–19).

On December 20, 2020, Plaintiff complained and informed Defendants Ramon Lamas, Jr. and Anet Lopez about the unpaid minimum wages and overtime that she was owed. (Compl. ¶¶ 60, 64). In response, Ramon Lamas terminated her employment. (Compl. ¶ 65). In January 2021, Plaintiff filed suit in the Southern District of Florida, case number 21-cv-20040, against Ramon Lamas, William Lamas, and the Cafeteria seeking the payment of overtime and minimum wages ("January 2021 Case"). (Compl. ¶¶ 66, 70; ECF No. 7-1).[1]

After filing suit, Anet Lopez—a defendant in this action but not in the January 2021 Case—warned Plaintiff that if she did not "drop the lawsuit, bad things will happen to you." (Compl. ¶ 67). Ramon Lamas, Anet Lopez's husband, "began stalking Plaintiff by frequently driving by Plaintiff's house and parking just outside of Plaintiff's house to surveil and intimidate Plaintff." (Compl. ¶¶ 60, 67). Then, Ramon Lamas and Anet Lopez "caused their employees to convey threats to Plaintiff such as 'if you do not drop the lawsuit, we are going to hire a detective to come after you,' 'if you do not drop the lawsuit, bad things will happen to you,' 'we need you to sign papers and drop the lawsuit; we will pay you money.'" (Compl. ¶ 68).

Out of fear and the "severe emotional distress" caused by the threats, Plaintiff instructed her lawyers to dismiss the January 2021 Case. (Compl. ¶ 69). Plaintiff voluntarily dismissed the January 2021 case with prejudice. (ECF No. 7-2). In noticing the Court of her voluntary dismissal

---

[1] The Court may "consider[] its own records in resolving the defendant's motion to dismiss." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015) (citing Fed. R. Evid. 201(d)); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'" (citation omitted)).

of the January 2021 Case, Plaintiff informed the Court that she was "relocating to another country and no longer desire[s] to pursue this matter." (ECF No. 7-3). The Court dismissed the January 2021 Case with prejudice. (ECF No. 7-4). Plaintiff alleges she was fired from the Cafeteria because of the complaints she made before filing the January 2021 Case and because she filed the January 2021 Case. (Compl. ¶ 70).

In August 2021, Plaintiff filed this action, seeking to recover unpaid overtime and minimum wages accumulated from October 14, 2014 and/or from three years prior to the filing of the complaint in this action. (Compl. ¶ 23). Plaintiff asserts five counts: (1) against the Cafeteria for wage and hour violation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) against the Individual Defendants for wage and hour violation under the FLSA; (3) against Cafeteria for unpaid minimum wages in violation of the Florida Minimum Wage Act, § 448.110, Florida Statutes ("FMWA"); (4) against the Individual Defendants for wage and hour violation under the FMWA; and (5) against the Cafeteria, Ramon Lamas, and Anet Lopez (the "Retaliatory Defendants") for retaliation under the FLSA and FMWA. (Compl. ¶¶ 4–71).

Defendants move to dismiss this action based on *res judicata*. (ECF No. 7 at 4–6). With respect to Count 5 for retaliation, Defendants also move dismiss for failure to state a claim and because they argue it is a shotgun pleading. (ECF No. 7 at 6–9). Lastly, Defendants move for sanctions against Plaintiff and her counsel because Defendants contend that this case is frivolous. (ECF No. 7 at 10).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the Court will grant a motion to dismiss if the complaint fails to state a claim for which relief can be granted. To survive dismissal, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At this stage of the case, "the question is whether the

3

complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a motion to dismiss, the Court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff." *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

## **DISCUSSION**

The Court first decides whether *res judicata* bars Counts 1 through 4. "The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). The parties asserting a *res judicata* defense must show "(1) the prior decision [was] rendered by a court of competent jurisdiction; (2) there [was] a final judgment on the merits; (3) both cases [] involve[d] the same parties or their privies; and (4) both cases [] involve[d] the same causes of action." *Id.* With respect to the fourth element, "two cases are generally considered to involve the same cause of action if the latter case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as the former one." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). But *res judicata* "does not bar a claim that was not in existence at the time of the original action unless the acts underlying the claim were not actually raised in that action." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009) (citation omitted). Although generally brought as an affirmative defense, *res judicata* "may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015).

Here, Plaintiff asserts Counts 1 and 3 against only the Cafeteria, and Counts 2 and 4 against William Lamas, Ramon Lamas, and Anet Lopez.  Plaintiff does not dispute that Counts 1 through 4 arise from the same nucleus of operative facts as the January 2021 Case.  Nor does she dispute that this Court—which entered the final order of dismissal in the January 2021 Case—is a court of competent jurisdiction.  Accordingly, the only question remaining is whether the dismissal order in the January 2021 Case was a final adjudication on the merits.  The Court finds that it is.  *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) ("In the absence of a settlement agreement, of course, a judgment of dismissal pursuant to Rule 41 should be given the same *res judicata* effect as any other judgment."); *see also Openmind Solutions v. Doe*, 12-cv-21098, 2012 U.S. Dist. LEXIS 205737, *5 (S.D. Fla. June 8, 2012) ("A voluntary dismissal with prejudice is a final judgment on the merits for the purposes of *res judicata*.").

Plaintiff contends that the dismissal order does not have preclusive effect because it was obtained through Defendants' misconduct.  But the proper avenue for challenging the dismissal order is through a Federal Rule of Civil Procedure 60(b) motion for relief from judgment based on the "misconduct by an opposing party."  *See* Fed. R. Civ. P. 60(b).  To prevail on a Rule 60(b) motion, Plaintiff would need to prove by clear and convincing evidence that Defendants obtained the adjudication through misconduct, and that the conduct prevented her from "fully and fairly presenting [her] case or defense."  *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (citation omitted).  To be clear, this Rule 60(b) motion is appropriately brought in the January 2021 Case, not here.  As of now, however, the dismissal order in the January 2021 Case operates as a final adjudication on the merits as to Counts 1 through 4 against the Cafeteria, William Lamas, and Ramon Lamas.  Accordingly, those claims are barred by the doctrine of *res judicata* and cannot be raised again here.

Next, the Court decides whether Counts 2 and 4 as to Anet Lopez, and Court 5, raised against the Retaliatory Defendants for the first time, survive dismissal. The Court first addresses whether *res judicata* bars Counts 2 and 4 as to Anet Lopez. To be sure, the fact Plaintiff did not sue Anet Lopez in the January 2021 Case is not dispositive of the *res judicata* issue because "[t]he identity requirement includes parties and their privities." *CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1340 (11th Cir. 2017). The question is whether the record is sufficiently developed to determine whether Anet Lopez is in privity with the Cafeteria, William Lamas, or Ramon Lamas—the defendants in the January 2021 Case. The Court finds that it is not. Plaintiff alleges that Lopez, together with William and Ramon Lamas, "were, and are now, the Owners and/or Officers/Supervisors or Managers" of the Cafeteria. (Compl. ¶ 30). Plaintiff also alleges that Anet Lopez and Ramon Lamas are husband and wife. (Compl. ¶ 60). That is all we know about Lopez's relationship with the January 2021 Case defendants. A determination of privity should be made on a more complete factual record. *See CSX Transp.*, 846 F.3d at 1340 (noting that privity is a "factual question"); *Tim Minn, Inc. v. Tim Hortons USA Inc.*, 20-cv-23481, 2021 U.S. Dist. LEXIS 145389, *22 (S.D. Fla. Aug. 2, 2021) (finding that the record was insufficient to determine privity at the motion-to-dismiss stage). Because the Court cannot resolve privity now, it declines to dismiss Anet Lopez from Counts 2 and 4 based on the doctrine of *res judicata*. In sum, Counts 1 through 4 are dismissed as to the Cafeteria, William Lamas, and Ramon Lamas, i.e., the January 2021 Case defendants. Counts 2 and 4 survive against Anet Lopez.

Now the Court must decide whether *res judicata* bars Count 5 for retaliation—against the Cafeteria, Ramon Lamas, and Anet Lopez (the "Retaliatory Defendants")—even though Plaintiff did not assert a retaliation claim in the January 2021 Case. Plaintiff appears to allege two different instances of retaliation: (1) retaliation for making oral complaints about unpaid minimum wages and overtime owed, which led to her termination; and (2) retaliation in the form of threats based

6

on her filing the January 2021 Case. (Compl. ¶¶ 58–71). The factual basis for the first instance of retaliation existed before Plaintiff filed the January 2021 Case, while the second instance arose from Plaintiff filing the January 2021 Case. It is clear that the first instance of retaliation could have been litigated in the January 2021 Case. But that is not enough to bar the retaliation claim because the allegations are commingled against all the Retaliatory Defendants, and the Court declines to make a determination now about whether Anet Lopez is in privity with the January 2021 Case defendants. In any event, the second instance of retaliation did not occur until after Plaintiff filed the January 2021 Case. Count 5 is not barred by *res judicata*.

Even so, Count 5 must be dismissed as an improper shotgun pleading. There are several different types of shotgun pleadings. One type fails to "separat[e] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Another type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Because Plaintiff asserts her retaliation claim against multiple Defendants for violations under both the FLSA and FMWA, it is a shotgun pleading. Plaintiff must replead this claim, specifying which Defendant did what unlawful conduct.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that

1. Defendants' Motion to Dismiss, (ECF No. 7), is **GRANTED IN PART AND DENIED IN PART as stated herein**.

2. Defendants' Motion to Dismiss based on *res judicata* is granted as to the Cafeteria on Counts 1 and 3, and as to William Lamas and Ramon Lamas on Counts 2 and 4. Defendants' Motion to Dismiss Anet Lopez on the basis of *res judicata* is **DENIED**. Counts 2 and 4 survive against Anet Lopez. The Motion to Dismiss Count 5 on the basis of *res judicata* is **DENIED**.

3. Defendants' Motion to Dismiss Count 5 for shotgun pleading is **GRANTED**. Plaintiff is granted leave to amend **on or before March 24, 2022**, to cure the pleading deficiencies identified in this Order.

4. Defendants' request for sanctions is **DENIED**.

5. Defendants' Expedited Motion to Stay Discovery, (ECF No. 19), is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record