UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-23141-CIV-MARTINEZ

MARIA T. CANDELARIO, and other similarly situated individuals,

    Plaintiff,

v.

LA LIBERTAD MARKET CAFETERIA INC., WILLIAM LAMAS, RAMON LAMAS, Jr., and ANET LOPEZ a/k/a Ana Lopez a/k/a Anet Lamas,

    Defendants.
_____/

## ORDER ON EXPEDITED MOTION TO STAY

**THIS CAUSE** comes before the Court on Defendants' Joint Expedited Motion to Stay Depositions or in the Alternative for a Protective Order ("Motion to Stay"). (ECF No. 35). Defendant moves to stay the depositions of Defendants William Lamas, Ramon Lamas, Jr., Anet Lopez ("Individual Defendants"), and the corporate representative of Defendant La Libertad Market Cafeteria, Inc. ("Cafeteria"), which are scheduled to begin the week of April 18, 2022. (*Id.* at 5). In support thereof, Defendants argue that Plaintiff has not amended the notices of deposition to reflect the Court's March 14, 2022 Order on Defendants' motion to dismiss the initial complaint. (*Id.*). Defendants also contend that the Amended Complaint, which they have recently moved to dismiss, contains the same deficiencies as the initial complaint. (*Id.* at 8). In the alternative to a stay of the depositions, Defendants move for a protective order to limit discovery to the retaliation claims asserted in the Amended Complaint. (*Id.* at 9). Plaintiff is opposed to the relief sought in the Motion to Stay.

The initial complaint asserted five counts: (1) against Cafeteria for wage and hour violation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); (2) against the Individual Defendants for wage and hour violation under the FLSA; (3) against Cafeteria for unpaid minimum wages in violation of the Florida Minimum Wage Act, § 448.110, Florida Statutes ("FMWA"); (4) against the Individual Defendants for wage and hour violation under the FMWA; and (5) against the Cafeteria, Ramon Lamas, Jr., and Anet Lopez (the "Retaliatory Defendants") for retaliation under the FLSA and FMWA. (*See* ECF No. 27).

The Court dismissed Counts 1 through 4 against Cafeteria, William Lamas, and Ramon Lamas on the basis of res judicata. (*Id.* at 6). Counts 2 and 4 survived against Anet Lopez because the Court found that a more complete record was required to determine whether Anet Lopez was in privity with Cafeteria, William Lamas, and Ramon Lamas, Jr. (*Id.*). The Court dismissed Count 5 as a shotgun pleading. (*Id.* at 7). The Court granted Plaintiff leave to amend to cure the pleading deficiencies identified in its order. (*Id.* at 8).

The Amended Complaint asserts five counts: (1) against Cafeteria for wrongful discharge in violation of the FLSA; (2) against Cafeteria for wrongful discharge in violation of the FMWA; (3) against Ramon Lamas, Jr. for wrongful discharge in violation of the FLSA; (4) against Ramon Lamas, Jr. for wrongful discharge in violation of the FMWA; (5) against Defendants for retaliation/discrimination in violations of the FLSA; (6) against Defendants for retaliation/discrimination in violations of the FMWA. (Am. Compl. ¶¶ 10–71). This week, Defendants filed a motion to dismiss the Amended Complaint on the basis of res judicata and shotgun pleading. (*See* ECF No. 34). Briefing is not yet complete on the motion to dismiss the Amended Complaint and will not be complete before the Defendants' scheduled depositions.

As explained by the Eleventh Circuit, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . .

2

. be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367 (11th Cir. 1997). Accordingly, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id. Chudasama*, however, "does not indicate a broad rule that discovery should be deferred or stayed whenever there is a pending motion that is potentially dispositive." *See Mimbs v. J.A. Cambece Law Office, P.C.*, No. 12-62200, 2013 U.S. Dist. LEXIS 208316, at *3 (S.D. Fla. June 12, 2013). Rather, "*Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Inglis v. Wells Fargo Bank N.A.*, No. 14-cv-677, 2015 U.S. Dist. LEXIS 64668, at *2 (M.D. Fla. May 18, 2015).

"To prevail on a motion to stay, Defendants must demonstrate reasonableness and good cause." *See Chevaldina v. Katz*, No. 17-22225, 2017 U.S. Dist. LEXIS 137752, at *6 (S.D. Fla. Aug. 28, 2017). Good cause may exist where "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.) (citation omitted), *aff'd*, 87 F. App'x 713 (11th Cir. 2003); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (explaining that a stay of discovery "pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case"). In determining the reasonableness of a discovery stay, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Therefore, the Court "must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Id.* (citing *Feldman*, 176 F.R.D. at 652–53).

Having conducted a preliminary peek at the merits of Defendants' motion to dismiss the Amended Complaint, it appears the motion to dismiss may dispose of the entire case on *res judicata* or failure to state a claim grounds against all Defendants, except Anet Lopez.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Stay, (ECF No. 35), is **GRANTED IN PART**. Discovery is stayed as to all Defendants except Anet Lopez pending the Court's ruling on Defendant's motion to dismiss the Amended Complaint (ECF No 34).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14 day of April, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record